[Sac. No. 260. Department One.—June 10, 1898.]

STOCKTON COMBINED HARVESTER AND AGRICULTURAL WORKS et al., Respondents, v. AMERICAN FIRE INSURANCE COMPANY, Appellant.

FIRE INSURANCE—LOSS PAYABLE TO MORTGAGEE—CESSATION OF INTEREST— SUPPLEMENTAL COMPLAINT—PARTIES—NEW AGREEMENT WITH OWNER.— Where a policy of fire insurance named the owner of the property as the insured, and stipulated for payment of loss to a mortgagee, and a supplemental complaint in an action upon a new agreement made by the insurance company with the owner to pay a specified sum as its proportionate share of an adjusted loss, showed that the mortgagee, who was a party coplaintiff. had ceased to have any interest in the property, and that the mortgage had been fully paid and discharged since the commencement of the action. it is not essential to a recovery by the owner of the property that such mortgagee should have been a party to the new agreement, it being sufficient that she joined in the action, and remained a party thereto, and would be estopped by the judgment therein in favor of the owner.

ID.—AMENDED AND SUPPLEMENTAL COMPLAINTS—STATUTE OF LIMITATIONS.— Where the amended and supplemental complaints set up the same policy and the same new agreement with the defendant by way of compromise that were set forth in the original complaint, the difference being that in the original complaint the new agreement was described as being with the plaintiffs, while in the amended

and supplemental complaints it was described as being with the owner of the property, and the mortgage was alleged to have been satisfied in the supplemental complaint, the cause of action is not changed by the amended or supplemental complaint, and the statute of limitations does not apply as of the date of either of them, but only as of the date of the original complaint.

ID.—INTEREST OF MORTGAGEE—RATIFICATION—PLEADING—JUDGMENT—PARTY IN INTEREST.—The interest of the mortgagee was still the same, and she ratified or adopted the new agreement, so far as she was concerned, by joining in the action thereupon; and, the policy being payable to her by its terms, she was a proper party in all forms of the complaint; and when her mortgage was paid, it was proper so to state by supplemental complaint, in order that the judgment, if any, might be for the party in interest.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Ansel Smith, Judge.

The facts are stated in the opinion.

Van Ness & Redman, James H. & John E. Budd, and Frank H. Gould, for Appellant.

J. C. Campbell, and Nicoll & Orr, for Respondents.

CHIPMAN, C.—This cause is submitted on substantially the same transcript as Sacramento No. 262, *Stockton etc. Works v. Glens Falls Ins. Co.*, *ante*, p. 167. Two points are presented in this case by appellant not raised in the Glens Falls Insurance Company case.

1. The policy names the plaintiff company as the insured, but stipulates for payment of loss to one Eliza R. Buckles. It is now claimed by defendant that the insurers entered into no new agreement with Mrs. Buckles, such as is relied upon by plaintiff in the other cases, and also in this, that Mrs Buckles was not a party to the submission to arbitration, and it nowhere appears that Arnold, arbitrator for plaintiff company, had authority to speak for her, or in fact did represent her.

The final draft of the complaint, to which there was a supplemental complaint, and also several amendments, showed that Mrs. Buckles no longer had any interest in the policy, and that the agreements relied upon were made with the plaintiff company. The finding 4 was that on March 14, 1888, there was a subsisting mortgage upon a portion of the property of twenty-

five thousand dollars to plaintiff Eliza R. Buckles, and "that the loss in said policy of insurance, if any, was made payable by its terms to the said Eliza R. Buckles," and that since the commencement of the action it had been fully paid and discharged, and that her interest in the property had ceased, as alleged in the supplemental complaint.

The agreement, as finally alleged and as found, was that defendant agreed to pay plaintiff company. Mrs. Buckles was made coplaintiff because the loss was by the terms of the policy payable to her, but the insurance was on the company property. When she ceased to have any interest in the policy or property it was proper to so state by supplemental complaint, and we cannot see that the plaintiff company lost its rights thereby. There is no allegation of a joint agreement, between defendant and plaintiff company and Mrs. Buckles, alleged in the complaint as finally amended. The allegation of the final amended complaint is: "That thereupon said defendant and said insurers covenanted and agreed with said plaintiff, said Stockton Combined Harvester and Agricultural Works, as an adjustment of the entire of said loss and damage, to pay to said plaintiff, the Stockton Combined Harvester and Agricultural Works, . . . . and said defendant and said other insurers agreed to pay, and said plaintiff agreed to accept," etc. Mrs. Buckles, however, remained a party plaintiff to the close of the action, which was not changed in any essential features by amendments to the complaint. If it was not true that the defendant agreed to pay her the amount according to the compromise, it did agree to pay the harvester company, and that liability was not changed by failure to prove that Mrs. Buckles took part in the agreement. She joined in the action and would be estopped by the judgment in it.

2. It is claimed that the promise sued upon is barred by the statute of limitations. The original complaint appears in the bill of exceptions. The harvester company and Mrs. Buckles are the plaintiffs, and the allegations of the original complaint proceed upon the assumption that both of the plaintiffs are joint parties in interest, although it does not appear that Mrs. Buckles had any interest in any policy except this one, and as to it the policy ran to the company, "loss, if any, payable to" Mrs. Buckles. It was alleged that proofs of loss were made out by plaintiffs, and that the subsequent agreements as to arbitration

were between plaintiffs and defendant, and that the still later compromise or agreement to pay ninety thousand dollars was made with plaintiffs.

The amended and supplemental complaints stated the action to be on a policy issued to the harvester company on its property, loss, if any, payable to Mrs. Buckles; that all agreements to settle and adjust and pay the loss were with the harvester company, and finally that Mrs. Buckles had an interest in the property or policy as mortgagee, and that this interest had ceased by payment of the mortgage.

The original complaint was on the same policy as was the amended complaint. Both the original and amended complaints set up the same agreement to pay on compromise, the difference being that in the latter it was alleged that the compromise agreement was with the harvester company instead of both plaintiffs. But Mrs. Buckles' interest was still the same, and she ratified or adopted the agreement, so far as she was concerned, by joining in the action on it; the policy was payable to her, whether for the whole amount of the insurance, fifteen hundred dollars, or for the less amount nine hundred and thirty-six dollars and fifty-seven cents, agreed upon by the compromise. She was a proper party in all the forms of the complaint, and when her mortgage was paid and she no longer had any interest in the policy it was proper to so state by supplemental complaint in order that the judgment, if any, might be for the party in interest. The cause of action we do not think was changed, and hence the statute of limitations did not apply.

We discover no reason why this case should be decided differently from the others, and upon the authority of the case of *Stockton etc. Works v. Glen's Falls Ins. Co. ante,* p. 167, the judgment and order should be affirmed.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.